IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE   :        CIVIL ACTION
INSURANCE COMPANY              :
                               :
          v.                   :
                               :        NO. 25-1874
AMADOU DIALLO                  :

MEMORANDUM

Bartle, J.                                    August 7, 2025

        Before the court is the motion of plaintiff State Farm
Mutual Automobile Insurance Company for default judgment as to
defendant Amadou Diallo (Doc. # 8).

        State Farm seeks a declaration in this diversity
action that it has no duty or obligation under Diallo's
automobile insurance policy to defend or indemnify him in two
actions in the Court of Common Pleas of Philadelphia County.
Those cases are Wint v. Diallo, et al., No. 240800150, and Luu,
et al. v. Diallo, et al., No. 240800150.

                                I

        State Farm issued an automobile insurance policy,
# 9980-C16-38, to Diallo, a Philadelphia resident.  He owned a
2008 Toyota Sienna which was covered under the policy.

        On April 30, 2025, State Farm filed an amended
complaint for declaratory judgment under 28 U.S.C. § 2201(a).
Plaintiffs in the underlying state court actions allege that
they were involved in a motor vehicle accident on April 13, 2023

in which Diallo used his 2008 Toyota Sienna to transport individuals for a charge.  State Farm's policy excludes liability coverage for "damages arising out of the ownership, maintenance, or use of a vehicle while it is being used to carry persons for a charge . . . ."

On May 2, 2025, Diallo was served with a summons and copy of the amended complaint at his current address.  Under Rule 12(a)(1)(A), he was required to file an answer to the amended complaint on or before May 23, 2025.  Diallo has failed to file an answer or otherwise appear.

The Clerk of the Court entered default against Diallo on June 13, 2025 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

II

The Declaratory Judgment Act ("DJA") permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).[1] The action must still be justiciable under Article III as a "case or controversy."  There must be "substantial controversy, between parties having adverse legal interests" that are

---

1.   This Act does not confer jurisdiction.  Jurisdiction exists under 28 U.S.C. § 1332 as State Farm is a citizen of Illinois and Diallo is a citizen of Pennsylvania.

immediate and real enough to justify declaratory judgment.

MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007).

The court has discretion to entertain actions under

the DJA and may abstain on the basis of "considerations of

practicality and wise judicial administration."  Kelly v. Maxum

Specialty Ins. Grp., 868 F.3d 274, 282 (3d Cir. 2017) (quoting

Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).  First,

the court must find whether there is a "parallel state

proceeding" before considering other factors, which include:

> (1) the likelihood that a federal court
>     declaration will resolve the uncertainty
>     of obligation which gave rise to the
>     controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the
>     uncertainty of obligation;
> (4) the availability and relative
>     convenience of other remedies;
> (5) a general policy of restraint when the
>     same issues are pending in a state
>     court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory
>     action as a method of procedural fencing
>     or as a means to provide another forum
>     in a race for res judicata; and
> (8) (in the insurance context), an inherent
>     conflict of interest between an
>     insurer's duty to defend in a state
>     court and its attempt to characterize
>     that suit in federal court as falling
>     within the scope of a policy exclusion.

Id. at 283.

A "parallel state proceeding" involves the same

parties and presents the opportunity to resolve the same state

law issues.  See id. at 284.  The underlying state court actions

are not "parallel."  State Farm is not a party to either

lawsuit.  Further, the questions of whether Diallo's insurance

policy with State Farm covers Diallo's potential liability and

whether he is in fact liable are distinct.  See id. at 287.

The following factors enumerated in Kelly weigh in

State Farm's favor.  A declaratory judgment would resolve

uncertainty and the parties will not be inconvenienced by a

federal resolution.  The federal courthouse is in the same city

as the Court of Common Pleas of Philadelphia County.  There is

no evidence before the court that any public interest is at

stake or that another remedy would be adequate.  As the actions

concern Diallo's liability, there is no need to exercise the

"general policy of restraint."  The litigation here will not be

duplicative of any other action, and there is no risk of a "race

for res judicata."

While State Farm asserts that the allegations in the

underlying complaints fall within the scope of a policy

exclusion, Diallo has been served and had an opportunity to

defend against State Farm's lawsuit here.

                                III

While our Court of Appeals does not favor resolution

of cases by default judgment, this court nonetheless has the

discretion to enter a default judgment against a party that has

-4-

failed to answer or otherwise respond to the pleadings.  See

Rule 55(b)(2) of the Federal Rules of Civil Procedure; United

States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d

Cir. 1984).  Before doing so, the Clerk of the Court must first

enter default under Rule 55(a).  When plaintiff does not seek a

sum certain in the complaint, he or she must obtain relief from

the court through a motion for default judgment.  Fed. R. Civ.

P. 55(b).[2]  Upon entry of default, the court must accept as true

the facts alleged in the complaint, except for those as to

damages.  PPG Indus. Inc. v. Jiangsu Tie Mao Glass Co., 47 F.4th

156, 161 (3d Cir. 2022) (citing Comdyne I v. Corbin, 908 F.2d

1142, 1149 (3d Cir. 1990)).

State Farm has produced specific proof of valid

service on Diallo.  See Gold Kist, Inc. v. Laurinburg Oil Co.,

Inc., 756 F.2d 14, 19 (3d Cir. 1985).  In the affidavit of

service, Henry Duarte, process server at the MCS Group,

certified that he delivered a copy of the summons and complaint

to Diallo at his current address on May 2, 2025, at 10:42 A.M.

This is sufficient.[3]

---

2.   Where default judgment is entered against a minor or
incompetent person, they must be represented by a general
guardian, conservator, or other like fiduciary who has appeared.
This is not an issue.

3.   Under the Servicemembers Civil Relief Act, a plaintiff
seeking default judgment must file an affidavit confirming
whether the defendant is in the military service.  See 50 U.S.C.

State Farm has also met the requirement that the
"unchallenged facts constitute a legitimate cause of action."
Serv. Emps. Int'l Union Local 32BJ, Dist. 36 v. ShamrockClean,
Inc., 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018) (citation
omitted).  An insurer has a duty to defend or indemnify an
insured when the "factual allegations of the underlying
complaint, taken as true, come potentially within the scope of
coverage of a policy."  See Zurich Am. Ins. Co. v. Gutowski, 644
F. Supp. 3d 123, 138-39 (E.D. Pa. 2022) (quoting Am. Strategic
Ins. Corp. v. Burkhardt, Civ. A. No. 22-18, 2022 WL 157892, at
*2 (E.D. Pa. Apr. 19, 2022)); see also Kvaerner Metals Div. of
Kvaerner U.S., Inc. v. Com. Union Ins. Co., 908 A.2d 888, 896
(Pa. 2006).  Under Pennsylvania law, the court must give effect
to clear and unambiguous contract language.  See Gene & Harvey
Builders, Inc. v. Pa. Mfrs.' Ass'n Ins. Co., 517 A.2d 910, 913
(Pa. 1986).

The underlying complaints allege that, at the time of
the April 13, 2023 accident, Diallo was using his 2008 Toyota
Sienna to carry passengers for a charge.  His State Farm
insurance policy excludes such conduct from liability coverage.
See, e.g., id. at 139.  Diallo's insurance policy with State
Farm offers no liability coverage for "damages arising out of

_____

§ 3931(b)(1)(A).  State Farm has complied with this requirement
and avers that Diallo is not in the military.

the ownership, maintenance, or use of a vehicle while it is
being used to carry persons for a charge . . . ."  The
complaints in the two underlying actions both seek damages
relating to Diallo's use of his 2008 Toyota Sienna to "carry
persons for a charge."

        To ascertain the appropriateness of default judgment
in this case, the court must examine (1) whether plaintiff will
suffer prejudice if default is denied; (2) whether defendant has
a litigable defense; and (3) whether defendant's delay is due to
culpable conduct.  Chamberlain v. Giampapa, 210 F.3d 154, 164
(3d Cir. 2000) (citing $55,518.85 in U.S. Currency, 728 F.2d at
195).

        If the motion for default judgment is denied, State
Farm will suffer prejudice.  As noted above, State Farm would
then have obligations to Diallo contrary to the terms of the
insurance policy.

        Diallo does not have a valid defense to this lawsuit.
To determine whether State Farm is obligated to provide
liability coverage to Diallo, it must consider only the
allegations of the underlying complaint, which are taken to be
true at this stage, and the language of the policy at issue.
Kvaerner, 908 A.2d at 896.  Again, there is no coverage as
Diallo was transporting the plaintiffs for a charge.

Despite being served with a summons and complaint, Diallo has failed to appear.  No reason appears to excuse his failure to do so.

Accordingly, the motion of plaintiff State Farm Mutual Automobile Insurance Company for default judgment will be granted.